IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

─────────────────────────────────────────────────────────────

| NAJEE-EZRA L. HURD | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 20-cv-2099-JTF-tmp |
| MEMPHIS LIGHT, GAS AND WATER DIVISION, | ) | |
| Defendant. | ) | |

─────────────────────────────────────────────────────────────

REPORT AND RECOMMENDATION
─────────────────────────────────────────────────────────────

Before the court is a motion for sanctions filed by defendant Memphis Light, Gas and Water Division ("MLGW") on April 9, 2021.[1] (ECF No. 32.) As of April 26, 2021, *pro se* plaintiff NaJee-Ezra L. Hurd has not filed a response. For the reasons below, it is recommended that the motion for sanctions be granted and the case be dismissed with prejudice.

## I. PROPOSED FINDINGS OF FACT

On February 7, 2020, plaintiff NaJee-Ezra L. Hurd filed a *pro se* Title VII complaint against MLGW. (ECF No. 1.) MLGW served Hurd with interrogatories and requests for production on September 18, 2020. (ECF No. 19.) Because Hurd did not timely respond to the

───────────────
[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

discovery requests, MLGW filed a motion to compel on December 10, 2020. (ECF No. 23.) Hurd did not file a response to the motion to compel, and the undersigned granted the motion on January 7, 2021. (ECF No. 24.) In granting the motion to compel, the undersigned ordered Hurd to provide responses to MLGW's discovery requests within fourteen (14) days from the entry of the order. (Id. at 2.)

Hurd did not provide responses to the discovery requests. MLGW then moved for sanctions and to compel Hurd to provide discovery responses and initial disclosures as required by Fed. R. Civ. P. 26(a). (ECF No. 25-1, at 2.) On February 17, 2021, the undersigned entered an order granting the motion to compel and denying the motion for sanctions. (ECF No. 26.) In so doing, the undersigned stated as follows:

> Hurd has not provided initial disclosures as required by Rule 26(a) or responded to MLGW's discovery requests as required by Rules 33 and 34. Hurd also has not filed a response to MLGW's motion to compel production (ECF No. 23) or motion to compel disclosure (ECF No. 25). Nor has Hurd complied with the court's order granting MLGW's motion to compel. (ECF No. 24.) Because the scheduling order set June 8, 2020 as the deadline for providing initial disclosures, and because Hurd has not provided any initial disclosures, MLGW's motion to compel disclosure is hereby GRANTED. Hurd is hereby ordered to provide his initial disclosures within ten (10) days from the entry of this order. Hurd is additionally ordered to comply with this court's previous order (ECF No. 24) by providing responses to MLGW's discovery requests within ten (10) days from the entry of this order. Failure to comply will result in sanctions, including but not limited to attorneys' fees and/or dismissal of Hurd's complaint with prejudice.

(ECF No. 26, at 3-4.) The undersigned denied the motion for sanctions without prejudice. (Id. at 5.)

Hurd responded to MLGW's first set of requests for production of documents on February 26, 2021. (ECF No. 27.) MLGW then noticed Hurd's virtual deposition for March 31, 2021. (ECF No. 31.) Without contacting counsel for MLGW to reschedule, Hurd did not appear for his deposition. (ECF No. 32-3.) MLGW now moves for sanctions, seeking dismissal of Hurd's complaint. (ECF No. 32.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Sanction of Dismissal

"[A] court possesses the authority to order sanctions under Rule 37(d)(1)(A)(i), if 'a party, or a party's officer, director, or managing agent . . . fails, after being served with proper notice, to appear for that person's deposition.'" Wise v. Williams, No. 3:11-cv-00572, 2013 WL 1309070, at *2 (M.D. Tenn. Mar. 28, 2013) (quoting Fed. R. Civ. P. 37(d)(1)(A)(i)). Rule 37 permits courts to sanction parties who fail to obey discovery orders or appear for depositions in a number of ways, including dismissal of the action. See Fed. R. Civ. P. 37(b)(2)(A)(v); see also Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).") In addition, "[a] court must award reasonable expenses, including attorney's fees, caused by a party's failure to act unless 'the failure was substantially justified or other circumstances make an award of expenses

unjust.'" Wise, 2013 WL 1309070, at *2 (quoting Fed. R. Civ. P. 37(d)(3)).

The dismissal of an action under Rule 37 is a sanction of "last resort," one which a court may impose only when "a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." Peltz v. Moretti, 292 F. App'x 475, 478 (6th Cir. 2008) (quoting Reg'l Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir. 1988)). The court considers four factors when deciding whether to impose the sanction of dismissal under Rule 37:

> The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor . . . is whether less drastic sanctions were first imposed or considered.

Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing Reg'l Refuse Sys., 842 F.2d at 154-55; Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995)). None of these factors is dispositive. Barron v. Univ. of Mich., 613 F. App'x 480, 484 (6th Cir. 2015).

Regarding the first factor – whether a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault – willfulness or bad faith "requires a clear record of delay or contumacious conduct." Carpenter v. City of Flint, 723 F.3d 700,

704 (6th Cir. 2013). "Contumacious conduct means 'behavior that is perverse in resisting authority and stubbornly disobedient.'" Phipps v. Accredo Health Grp., Inc., No. 2:15-cv-02101-STA-cgc, 2017 WL 685579, at *4 (W.D. Tenn. Feb. 21, 2017) (quoting Carpenter, 723 F.3d at 704-05). The conduct identified "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the] conduct on those proceedings." Carpenter, 723 F.3d at 705 (quoting Tung-Hsiung Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2013)).

Hurd has repeatedly refused to comply with his discovery obligations and the directives of this court. Hurd did not provide initial disclosures or timely respond to MLGW's discovery requests. Then, when MLGW filed a motion to compel (ECF No. 23), Hurd did not file a response. When the court granted the motion to compel (ECF No. 24), Hurd did not comply with the order directing him to provide responses to MLGW's interrogatories and requests for production. MLGW filed another motion to compel (ECF No. 25), and Hurd again did not file a response. While Hurd seemingly complied with the order granting MLGW's second motion to compel (ECF Nos. 26 & 27), Hurd then failed to appear for his deposition and did not file a response to the instant motion.

Regarding the second factor, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the

-5-

non-compliant party] was legally obligated to provide.'" Carpenter v. City of Flint, 723 F.3d 700, 707 (6th Cir. 2013) (quoting Harmon v. CSX Transp., 110 F.3d 364, 368 (6th Cir. 2013)). MLGW has been prejudiced by Hurd's failure to appear for his deposition because, in addition to the time spent preparing the instant motion, MLGW has expended resources preparing for the deposition and coordinating with the court reporter on various exhibits.

With respect to the third factor, Hurd has received prior warning that failure to cooperate could lead to the sanction of involuntary dismissal. See Freeland, 103 F.3d at 1279; see also Carpenter, 723 F.3d at 708. The court warned Hurd of this possibility in its order dated February 17, 2021, stating that "[f]ailure to comply will result in sanctions, including but not limited to attorneys' fees and/or dismissal of Hurd's complaint with prejudice." (ECF No. 26, at 4.)

The fourth factor is whether less drastic sanctions were first imposed or considered. Freeland, 103 F.3d at 1280; see also Carpenter, 723 F.3d at 709. While the court has not yet imposed sanctions on Hurd, it has seriously considered imposing sanctions and would have been justified in doing so. (ECF No. 26.) Instead, the court opted to give Hurd a stern warning about his conduct in lieu of sanctions. Because the court has previously considered imposing less drastic sanctions, this factor also weighs in favor of dismissal.

Based on the above analysis, all four factors weigh in favor of dismissal. Accordingly, it is recommended that the complaint be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

**B.   Attorney's Fees**

Pursuant to Rule 37(d)(3), "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Hurd's *pro se* status does not justify his failure to comply with this court's orders or the Federal Rules of Civil Procedure. See Hayes v. Shelby County Tr., 971 F. Supp. 2d 717, 725 (W.D. Tenn. 2013) ("*Pro se* litigants . . . are not exempt from the requirements of the Federal Rules of Civil Procedure."). However, the court finds that the sanction of dismissal is more properly tailored to address Hurd's conduct. Accordingly, it is recommended that MLGW's request for attorney's fees be denied.

### III.   RECOMMENDATION

Based on the above, the undersigned recommends that the motion for sanctions be granted and that Hurd's complaint be dismissed with prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

<u>April 27, 2021</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**